**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

JAVIER PATRICIO B.C.,

Petitioner,

v.

TODD BLANCHE, Attorney General of the United States; MARKWAYNE MULLIN, Secretary of Homeland Security; DAVID VENTURELLA, Acting Director of U.S. Immigration and Customs Enforcement; MARCOS CHARLES, Acting Executive Associate Director for Enforcement and Removal Operations; U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT; U.S. DEPARTMENT OF HOMELAND SECURITY; DAVID EASTERWOOD, Field Office Director, ICE Enforcement and Removal Operations, St. Paul Field Office, and; RYAN SHEA, Sheriff of the Freeborn County Jail, Minnesota,

Respondents.

Case No. 26-CV-4661 (NEB/LIB)

ORDER

---

This matter is before the Court on Petitioner Javier Patricio B.C.'s Petition for a Writ of Habeas Corpus. (ECF No. 1 ("Pet.").) Petitioner is a citizen of Ecuador who was paroled into the United States four years ago after inspection. On October 26, 2026, ICE took Petitioner into custody.

Petitioner filed a habeas action challenging his detention. Because Petitioner's detention violates due process, the Court grants the petition in part and orders Respondents to provide a bond hearing.

## ANALYSIS

### I. Due Process

The Court has already concluded that people similarly situated to Petitioner have an important liberty interest—freedom from physical restraint—that is protected by the Due Process Clause.[1] *Felipe S.P. v. Blanche*, No. 26-CV-2212 (NEB/DJF), 2026 WL 1911656, at *2 (D. Minn. July 2, 2026). Detention is a "constitutionally permissible" part of removal proceedings. *Demore v. Kim*, 538 U.S. 510, 531 (2003). But when detention implicates a protected liberty interest, it must serve a constitutionally acceptable purpose. *See Dep't of State v. Muñoz*, 602 U.S. 899, 910 (2024). Ensuring appearance at future immigration proceedings and limiting threats to public safety are interests that can justify detaining noncitizens like Petitioner *Felipe S.P.*, 2026 WL 1911656, at *4. As in *Felipe S.P.*, the Court assesses Petitioner's due process claim using the balancing framework from *Mathews v. Eldridge*, 424 U.S. 319 (1976). *Felipe S.P.*, 2026 WL 1911656, at *7. This framework weighs: (1) the private interest affected by government action; (2) the risk of erroneous deprivation of that interest based on the current procedures, and the probable value of additional or other procedural safeguards; and (3) the government's interest, "including

---

[1] Likewise, the Court has already concluded that precedent does not foreclose these constitutional challenges to detention. *Felipe S.P.*, 2026 WL 1911656, at *4–6 (distinguishing *Demore v. Kim*, 538 U.S. 510 (2003); *Banyee v. Garland*, 115 F.4th 928 (8th Cir. 2024); and *Dep't of Homeland Sec. v. Thuraissigiam*, 591 U.S. 103 (2020)).

the function involved and the fiscal and administrative burdens" of additional process. *Mathews*, 424 U.S. at 335.

***Private interest.*** Petitioner's interest in being free from detention is fundamental and essential to his liberty. *Zadvydas v. Davis*, 533 U.S. 678, 690 (2001). Over the course of his four years living in the United States, Petitioner has worked and raised his son who remains in the United States. (Pet. ¶¶ 1, 23.) These roots strengthen his private interest. *Dep't of Homeland Sec. v. Thuraissigiam*, 591 U.S. 103, 107 (2020) (stating that noncitizens "who have established connections in this country have due process rights in deportation proceedings"); *United States v. Verdugo-Urquidez*, 494 U.S. 259, 271 (1990) (explaining that noncitizens "receive constitutional protections when they have come within the territory of the United States and developed substantial connections with this country"). The first *Mathews* factor weighs strongly in Petitioner's favor.

***Risk of erroneous deprivation.*** Petitioner's detention must be reasonably related to its intended purpose. *Zadvydas*, 533 U.S. at 690 (reiterating that detention must bear a reasonable relation to its purpose). Thus, detaining Petitioner without an individualized bond hearing assessing his flight and security risks poses a danger of a mistaken or unjustified deprivation of liberty. *E.g.*, *Rodriguez v. Frink*, 823 F. Supp. 3d 678, 689–90 (S.D. Tex. 2026); *Bonilla Chicas v. Warden*, 821 F. Supp. 3d 782, 798 (S.D. Tex. 2026); *Chavero v. Bondi*, 818 F. Supp. 3d 836, 844–45 (W.D. Tex. 2025). But Section 1225(b)(2) does not provide Petitioner with any procedure to challenge whether his detention serves those purposes; conversely, the probable value of a bond hearing assessing these facts is substantial. Respondents do not argue that Petitioner's criminal history creates a security or flight risk. *Restrepo v. Jamison*, 823 F. Supp. 3d 529, 543 (E.D. Pa. 2026) ("Where, as here, the Government has not alleged circumstances that would indicate that [Petitioner] poses

a danger to the community or is a flight risk, the risk of an erroneous deprivation is higher."). The second *Mathews* factor weighs in favor of Petitioner.

***Government interest & burden.*** The government has a strong interest and discretion in enforcing immigration law. *Muñoz*, 602 U.S. at 911–12; *Reno v. Flores*, 507 U.S. 292, 305 (1993) ("Over no conceivable subject is the legislative power of Congress more complete.") (citation modified). Accordingly, the Court weighs "heavily" that "control over matters of immigration is a sovereign prerogative, largely within the control of the executive and the legislature." *Landon v. Plasencia*, 459 U.S. 21, 34 (1982). Even so, Respondents have not shown that providing a bond hearing is a burden that outweighs Petitioner's private interest and the risk of erroneous deprivation; it is not obvious that a bond hearing is particularly burdensome. *Abdirashid H.M. v. Noem*, No. 25-CV-4779 (JRT/EMB), 2026 WL 127698, at *5 (D. Minn. Jan. 9, 2026) ("[A] bond hearing would impose minimal, if any, financial or administrative burden on Respondents."). Any burden that a bond hearing may impose does not outweigh Petitioner's strong private interest. *Id.*

Although Respondents' interest here is great, providing Petitioner a bond hearing imposes a minimal burden. And Petitioner's private interest and the risk of erroneous deprivation of that liberty interest are significant. On balance, the *Mathews* factors weigh in favor of Petitioner, and due process requires that he receive a bond hearing.

The Court therefore grants his petition in part, and orders that Respondents provide a bond hearing. In reaching this conclusion, the Court does not predict the outcome of Petitioner's bond hearing. It does not decide whether Petitioner is or is not a flight risk or whether he does or does not pose a danger to the community. The Court does not concern itself with the answers to those questions. But the Constitution requires

that Respondents give Petitioner a process by which to contest those determinations. Without it, his detention violates the Fifth Amendment.

## II. Warrantless Arrest

Petitioner also raises several warrantless arrest claims under 8 U.S.C. § 1357(a)(2) and 8 C.F.R. §§ 236.1, 287.3, and 287.8. (Pet. ¶¶ 46–53.) Respondents produced a Form I-200 warrant that forecloses Petitioner's warrantless arrest claims. (ECF No. 9-2.) The warrant notes that it was issued at 9:03 a.m. and ICE took Petitioner into custody at 9:14 a.m. (*Id.*; ECF No. 8, at 2.)

## CONCLUSION

Based on the foregoing and on all the files, records, and proceedings herein, IT IS HEREBY ORDERED THAT:

1. Petitioner Javier Patricio's Petition for Writ of Habeas Corpus (ECF No. 1) is GRANTED IN PART and DENIED IN PART; and

2. Respondents are ordered to provide Petitioner with a constitutionally adequate bond hearing no later than November 27, 2026.

3. Respondents are further ordered that, should the bond hearing result in Petitioner's release, they must release him from custody:

   a. Inside the State of Minnesota;

   b. At a safe time and place communicated in advance to counsel; and

c. With all Petitioner's personal effects in Respondents' possession, such as driver's license, immigration papers, passport, cell phone, and keys;

4. If Petitioner does not receive a constitutionally adequate bond hearing before November 27, 2026, Respondents are ordered to immediately release Petitioner from custody subject to the same conditions described in No. 3, above.

5. The remainder of Petitioner's Petition is DENIED WITHOUT PREJUDICE.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated: November 20, 2026

BY THE COURT:

s/Nancy E. Brasel
Nancy E. Brasel
United States District Judge